**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Celerino CAMACHO–DAVALOS,**
**Defendant-Appellant.**

**No. 71–2631.**

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1972.

Robert L. Boles, of Federal Defenders, San Diego, Cal., Rudolph Rivas, Los Angeles, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson and Stephen W. Peterson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before KOELSCH, HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

Appellant and his wife were convicted for conspiracy with codefendant Bernal-Vela to smuggle and to transport aliens into the United States in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324 and for transporting three aliens, Soliz-Pacheco, Barajas-Rodriguez, and Perez-Serna, in violation of 8 U.S.C. § 1324(a)

(2).[1] Appellant was acquitted of an additional count charging him with illegally transporting Romero-Rodriguez. We reverse the conviction for insufficiency of the evidence.

About 1:30 A.M. on February 20, 1971, two border patrol agents saw a pickup truck and a station wagon on a highway about 75 miles north of the Mexican border. The two vehicles were traveling fairly close together. The agents stopped the truck, and the station wagon drove on. Agent Ainscoe searched the truck and saw a group of "Mexican appearing" people in it. The driver was Bernal-Vela, an 18-year old Mexican national who had entered this country illegally. Among the people in the truck were three men who identified themselves several hours later as Soliz-Pacheco, Barajas-Rodriguez, and Perez-Serna. All of the occupants, except minor children, were arrested.

Pursuant to a radioed request from Agent Brantley, Agents Barreau and Kerr intercepted the station wagon. Appellant Camacho was driving. His wife, their two infants, and a man later identified as Sandoval-Vela, the cousin of Bernal-Vela, were passengers. Agent Barreau testified that he asked the Camachos and Sandoval-Vela about their places of birth, their occupations, where they were coming from, and if they had immigration papers. He did not testify about their responses. Over objection he testified, "I determined that Mr. Camacho was an illegally immigrated alien, and Mrs. Camacho, I believe, was a citizen, and Mr. Sandoval [-Vela] was an illegal alien." The basis for his conclusions was not explained. He arrested all of the people in the station wagon, except the infants.[2]

Bernal-Vela's trial was severed from the Camachos'. Testifying as a Government witness, he said that his cousin and he met in Tijuana and decided to come to the United States. The two young men in the company of seven other people, whom he did not identify, walked across the border from Mexico. He "got to the pickup that [he] was to drive," following directions from a person to whom he referred only as "the guy". "The guy" was never identified in any way. He testified that, prior to his arrest, he had never seen, spoken to, or had any dealings with Appellant or his wife. The pickup truck was registered in Mrs. Camacho's maiden name.

■ The Government did not prove that any of the three persons named in the indictment as those whom Appellant transported were aliens. None of the alleged aliens was called as a witness. The only evidence that bears on the issue was the testimony of Agent Ainscoe that all of the people in the truck were "Mexican appearing," spoke Spanish, and did not produce immigration papers on request. The description fits thousands of American citizens. The failure to prove alienage defeated the Government's case on the three substantive counts. (*Cf.* United States v. Mack (2d Cir. 1940) 112 F.2d 290, 291.)

■ We turn to the conspiracy count. Evidence of the conspiracy was limited to proof that the alleged coconspirator, Bernal-Vela, who admitted that he was an alien entering the country illegally, drove a truck, registered in Appellant's

---

1. Section 1324(a)(2) provides in pertinent part:

"(a) Any person . . . who—
(2) knowing that he is in the United States in violation of law, and knowing or having reasonable grounds to believe that his last entry into the United States occurred less than three years prior thereto, transports, or moves, or attempts to transport or move, within the United States by means of transportation or otherwise, in furtherance of such violation of law . . . of . . . any alien, . . . not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this chapter or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony. . . ."

2. The legality of the stops, searches, and arrests is not challenged.

wife's maiden name. There were Mexican appearing people in the truck. Bernal-Vela's cousin rode with the Camachos. The two vehicles were driving closely together. Bernal-Vela was obeying directions given by an unidentified person to follow another car. Bernal-Vela had an agreement with somebody to transport himself and some others in the United States. From this circumstantial evidence, however, the Government did not prove beyond a reasonable doubt that the somebody was Appellant.

The judgment is reversed with directions to dismiss the indictment. The mandate shall issue forthwith.