UNITED STATES of America, Plaintiff-Appellee,

v.

Miguel VASQUEZ–CAZARES, Defendant-Appellant.

No. 77–2004.

United States Court of Appeals, Ninth Circuit.

Nov. 1, 1977.

Eugene G. Iredale (atty., who argued), Asst. U. S. Atty., Glorence Franco, Federal Defenders of San Diego, San Diego, Cal., for defendant-appellant.

Daniel K. Green (atty. who argued), Asst. U. S. Atty., Terry J. Knoepp, U. S. Atty., Howard A. Allen, Asst. U. S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Before BROWNING and GOODWIN, Circuit Judges, and JAMESON *, District Judge.

PER CURIAM:

This is an appeal from a conviction for conspiracy to smuggle aliens into the United States in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324. Appellant claims the border patrol agents who apprehended him lacked founded suspicion to stop his vehicle and, in any case, there was insufficient evidence to sustain his conviction. We affirm.

On February 28, 1977, at approximately 5:45 p. m. while traveling south on Pala Road, which circumvents the Temecula Border Patrol checkpoint and is frequented by alien smugglers, Border Patrol Agent Stephen McDiarmid observed a white 1965 Chevrolet, California license No. SQZ 491, traveling in the opposite direction. Because the description and license number of the car matched those of a vehicle an anonymous informant had observed earlier that day loading several illegal aliens, Agent McDiarmid turned around, followed the Chevrolet, and radioed an alert to Border Patrol Agent John Krupa, stationed northward at the intersection of Pala and Rainbow Canyon Roads. As the Chevrolet approached Agent Krupa's position, Krupa noted that the driver, a male Latin, avoided eye contact, although the patrol car lay directly in his line of vision. As the Chevrolet passed Agent Krupa's position, it suddenly slowed then sped up. Agent Krupa followed. He confirmed the license number of the car and noted that its rear seemed higher than normal, an indication of heavy duty shock absorbers, often used by alien smugglers. Agent Krupa, with Agent McDiarmid as back up, stopped the Chevrolet and asked the driver, appellant, for identification. Because appellant was unable to produce sufficient identification, Agent Krupa took appellant to the Temecula Border Patrol Station for further record check and questioning.

Meanwhile, Agent McDiarmid, suspecting the aliens reported to be in appellant's car had been let off earlier and were hiding in brush along Pala Road to be picked up later, proceeded south. Four or five miles down Pala Road, he observed a van. The van did not belong to any local resident. It had Oregon license plates. Two other smuggling cases that week had involved vehicles with Oregon license plates. The van rode heavy in the rear and swayed from side to side on turns, as though heavily laden. Agent McDiarmid stopped the van and found in it Irene Adamson, a codefendant now a fugitive, and a load of 16 illegal aliens. Also found in the van were a bill of sale for the van made out to Raul Ruiz-Alvadez—an alias appellant later admitted having used—and three traffic tickets, including two dated February 16, 1977, bearing the name Raul Ruiz-Alvadez and the California license number SQZ 491, the license number of appellant's white Chevrolet. Upon being shown a series of photographs, one of the aliens identified appellant as the man who had arranged their

---

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

transportation across the border. The alien could not identify appellant in court but admitted having been driven across the border in a white car.

Appellant's claim that the agents lacked founded suspicion to stop his car is without merit. The anonymous tip, together with the other circumstances recited above, reasonably warranted the suspicion that appellant was engaged in illegal activity. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Rocha Lopez*, 527 F.2d 476 (9th Cir. 1975).

Appellant argues that this court's decision in *United States v. Camacho-Davalos*, 468 F.2d 1382 (9th Cir. 1972), requires reversal for insufficiency of the evidence.

In *Camacho-Davalos*, border patrol agents stopped a truck carrying a load of illegal aliens and a station wagon which preceded it. In the station wagon were Camacho-Davalos, his wife, and a cousin of the driver of the truck. The truck was found to be registered in appellant's wife's maiden name. Camacho-Davalos, his wife, and the driver of the truck were charged with conspiracy to transport illegal aliens. The driver pleaded guilty and testified against the other two claiming he had entered into an agreement with an unidentified person to transport illegal aliens and had been given directions to follow another car. He did not identify Camacho-Davalos or his wife as his co-conspirators. Camacho-Davalos and his wife were convicted. Camacho-Davalos appealed. We reversed, holding the evidence insufficient to link Camacho-Davalos with the conspiracy.

The present case is distinguishable. The van carrying the illegal aliens belonged to appellant, not to his wife. Moreover, traffic tickets issued to appellant personally, some as recently as twelve days before the arrest, were found in the van. This evidence, together with the testimony of one of the illegal aliens that he was transported across the border by a man in a white car, the evidence of special equipment on appellant's car, and evidence of appellant's behavior immediately before his arrest, was sufficient to sustain the conviction. *See United States v. Vital-Padilla*, 500 F.2d 641 (9th Cir. 1974).

Affirmed.